IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WOODROW TAYLOR, | : | CIVIL NO. 1:CV-12-2204 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| CAPTAIN EATON, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

Woodrow Taylor ("Taylor"), an inmate at the State Correctional Institution at Rockview ("SCI-Rockview"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as defendants are SCI-Rockview employees Captain Eaton, Lieutenant Graham and "the Search Team." Taylor seeks leave to proceed in forma pauperis in this matter.[1] (Doc. No. 2.) Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      Allegations of the Complaint**

The allegations set forth in Taylor's complaint are simple and straightforward. He maintains that the Search Team confiscated personal property from his cell and failed to provide him with a confiscation slip. According to Taylor, Eaton has the property in her office and

---

[1] Taylor completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on November 5, 2012 (Doc. No. 6), directing the warden at SCI-Rockview to commence deducting the full filing fee from Taylor's prison trust fund account. As such, his motion to proceed in forma pauperis will be granted.

refuses to return his belongings. Taylor claims that he asked Defendant Graham to call to verify that his property is in the security office, but that he did not do so. He seeks to be financially compensated for his loss of personal property.

## II. Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a

complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

In his complaint Taylor appears to set forth a denial of due process claim with respect to the confiscation of his personal property. Inmate due process claims arising out of the confiscation of property are judged against settled legal standards. "'[A]n unauthorized intentional deprivation of property" by prison officials does not violate the Due Process Clause 'if a meaningful postdeprivation remedy for the loss is available.'" Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008)(quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). "Pre-deprivation notice is not constitutionally required." Id.

In the instant case, Taylor acknowledges in the complaint the availability of a grievance process at SCI-Rockview and states that he fully utilized it. While it is evident that he has filed

3

this action because he is not satisfied with the outcome of that due process, the fact remains that the Pennsylvania Department of Corrections grievance procedure provided Taylor with an adequate postdeprivation remedy.  See Lyons v Sec'y of Dep't of Corr., 445 F. App'x 461, 463 (3d Cir. 2011).  Furthermore, it is clear that mere dissatisfaction with the outcome received through due process does not equate to a denial of due process.  Because the facts alleged by Taylor in the complaint affirmatively reveal that he had an adequate postdeprivation remedy available to him through the grievance system, the complaint fails to state a due process claim upon which relief can be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).   An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WOODROW TAYLOR, | : | CIVIL NO. 1:CV-12-2204 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| CAPTAIN EATON, et al., | : | |
| Defendants | : | |

# ORDER

**AND NOW**, this 6th day of December, 2012, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The motion to proceed in forma pauperis (Doc. No. 2) is **granted**.

2. The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff's motion for sanctions (Doc. No. 8) is **denied as moot**.

4. The Clerk of Court is directed to **close this case**.

5. Any appeal taken from this order will be deemed frivolous, without probable cause and not taken in good faith.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania